BLD-248                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4436
_____

FREDERICK STAMPONE,
                          Appellant

v.

AMANDA B. FOPMA; SECREST WARDLE; HENRY S. EMRICH;
JOHN LAWRENCE HIESHETTER; STATE OF MICHIGAN;
HON. G. PATRICK HILLARY; ATTORNEY GENERAL MICHIGAN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 13-cv-05129)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted on a Motion for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 8, 2014

Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed:  May 19, 2014)
_____

OPINION
_____

PER CURIAM

        Frederick Stampone appeals from an order of the United States District Court for

the District of New Jersey, which denied his motion for default judgment, denied his

motion to amend the complaint, and granted the Defendants' motions to dismiss for lack of personal jurisdiction. We will affirm the District Court's judgment.

## I.

Stampone's complaint named a number of parties involved in a suit by John Lawrence Hieshetter ("Hieshetter") against Marta Jo Hieshetter filed in the state of Michigan. The named defendants were: Hieshetter, his attorneys (Henry S. Emrich and Amanda B. Fopma) and their law firm (Secrest Wardle), and the judge who conducted the hearing on Hieshetter's motion to terminate spousal support (Hon. G. Patrick Hillary). Stampone also named the State of Michigan and Michigan's Attorney General as defendants. Stampone alleged that the Defendants had violated his civil rights and also alleged libel, slander, defamation of character, harassment, and other personal injury. The District Court granted the Defendants' motions under Fed. R. Civ. P. 12(b)(2) to dismiss for lack of personal jurisdiction and found it unnecessary to reach the merits of the remaining motions.

Stampone timely appealed. Defendants-Appellees Fopma, Secrest Wardle, Emrich, and Hieshetter filed a motion for summary action. Stampone filed a brief in opposition to summary action to which the movants replied.

## II.

We review de novo the District Court's rulings that it lacked personal jurisdiction over the Defendants. Eurofins Pharma US Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 155 (3d Cir. 2010). Stampone had the burden of demonstrating facts that

established personal jurisdiction. Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009). But because we are reviewing orders granting Rule 12(b)(2) motions, and because the District Court did not hold an evidentiary hearing, Stampone "needed only [to] establish a prima facie case of personal jurisdiction." D'Jamoos v. Pilatus Aircraft Ltd., 566 F.3d 94, 102 (3d Cir. 2009) (citation omitted). In determining whether Stampone had made out his prima facie case, the District Court was required to accept the allegations in the complaint as true, and was to construe any disputed facts in Stampone's favor. Metcalfe, 566 F.3d at 330.

Stampone alleged that the Defendants named in his complaint were citizens of the State of Michigan. Stampone, who is a resident of New Jersey, filed his complaint in that State. The federal district courts in New Jersey may assert personal jurisdiction over a nonresident only to the extent authorized by state law. Eurofins, 623 F.3d at 155. We have recognized that "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004) (citation omitted). A defendant may be subject to the jurisdiction of a court only if "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." J. McIntyre Mach., Ltd. v. Nicastro, --- U.S. ---, 131 S. Ct. 2780, 2787 (2011) (citation and internal quotations omitted).

We agree with the District Court that Stampone did not assert any jurisdictional facts that would support general personal jurisdiction. Kehm Oil Co. v. Texaco, Inc., 537

3

F.3d 290, 300 (3d Cir. 2008) (court has general personal jurisdiction over defendant who has maintained systematic and continuous contacts with forum state). The District Court also considered whether it had specific personal jurisdiction over the Defendants. Specific personal jurisdiction exists "when the claim arises from or relates to conduct purposely directed at the forum state." Id.; see also Asahi Metal Indus., Ltd. v. Superior Court of California, Solano Cnty., 480 U.S. 102, 109 (1987) ("minimum contacts must have a basis in some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws") (internal quotations and citation omitted). We agree that the District Court also lacked specific personal jurisdiction over the Defendants.

The Secrest Wardle defendants' only contact with New Jersey was their issuance of a subpoena directing Stampone to appear as a witness in Michigan; Hieshetter's only connection with New Jersey was through that action by his attorneys.[1] Stampone's complaint does not allege that he was harmed by any action the Defendants took in New Jersey. Stampone states in his brief that the issuance of the subpoena was "illegal," but he does not explain why. This is not a case where "the defendant[s'] conduct and connection with the forum State are such that [they] should reasonably anticipate being haled into court there." See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); see also Allred v. Moore & Peterson, 117 F.3d 278, 283-84 (5th Cir. 1997) (service of process on plaintiff in forum state insufficient to support personal jurisdiction

4

over defendants in that state); <u>Wallace v. Herron</u>, 778 F.2d 391, 394 (7th Cir. 1985) (fact that attorney-defendant visited forum state to conduct one deposition was insufficient to establish personal jurisdiction over defendant in that state). Stampone's proposed amended complaint, filed after the Defendants' motions to dismiss would have alerted him to the jurisdictional issue, did nothing to cure the defect. Given Stampone's allegation that the "damages occurred in the state of Michigan," we cannot conceive of any way that Stampone could amend the complaint to confer personal jurisdiction over the Defendants. We thus conclude that the District Court properly dismissed the action for lack of personal jurisdiction, and properly denied the motion to amend the complaint.

For the foregoing reasons, we will summarily affirm the District Court's judgment.

---

[1] Stampone did not allege that Judge Hillary had any contact with New Jersey.